GARLAND SMITH AND B. R. SMITH V. STATE.

No. 30,914. October 21, 1959.
State's Motion for Rehearing Overruled November 18, 1959.

*H. L. Edwards,* Nacogdoches, for appellant.

*Richard E. McDaniel,* County Attorney, Center, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is permitting a dog to pursue a deer, a violation of Article 880, V.A.P.C. The appellants were tried jointly, and each was fined in the sum of $75.00.

This is the first conviction to reach this court since the act became effective. The statement of facts is in narrative form and will be summarized. The state's evidence showed that a game warden came upon three dogs in the act of pursuing a deer at 9:00 A.M. on the day in question. At 3:00 P.M. on the same day, after being notified by the game warden, the appellants came to the Shelby County courthouse and claimed their dogs.

The defensive evidence was that each appellant resided in Nacogdoches County one mile from the Shelby County line; that they kept the dogs near their home in a six-foot wire pen, the door of which was latched with a chain, and that the dogs were not permitted to leave this pen except when accompanied by the appellants; that in the evening preceding the day in question the dogs were fed; and that thereafter, and prior to their apprehension by the warden, the dogs had gotten out of the pen in some unexplained way and without the knowledge of either of the appellants. The appellants learned of their absence from the pen after having been notified by the warden, at which time they found the door of the pen open. It was further shown that on one occasion prior to the day in question the appellant had taken the dogs from the pen and permitted them to run deer in Nacogdoches County and on another had hunted fox in said county with the same dogs.

We have concluded that the state's evidence did not make out a case against the appellants because it was completely devoid of any proof that the appellants permitted or allowed the dogs to do what they were doing when the warden apprehended them. This being so, the prior violation in the appellants' home county would add nothing to the state's case.

Finding the evidence insufficient to support the conviction, the judgment is reversed and the cause remanded.

ON STATE'S MOTION FOR REHEARING

WOODLEY, Judge.

The complaint and information were drawn under Art. 880b V.A.P.C. (Acts 55th Leg. 2nd Called Session, 1957, p. 170, Ch. 13).

Though appellants' attack upon the validity of that statute appeared to have merit, the act charged in the complaint and information is forbidden and made punishable by another statute

applicable to the whole of Shelby County, namely Art. 880 V.A.P.C.

We remain convinced that the evidence is insufficient to sustain the conviction.

Motion for rehearing is overruled.